```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION
```

FOMEKA FLEMING                                                   PLAINTIFF

V.                                    CIVIL ACTION NO. 3:20-CV-284-DPJ-FKB

GINNY'S, INC. and MIDNIGHT                                      DEFENDANTS
VELVET, INC.

                                 ORDER

Plaintiff Fomeka Fleming claims Defendants Ginny's, Inc. and Midnight Velvet, Inc. violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate monthly payment information to a credit agency. Defendants moved to dismiss, arguing that they reported accurate *historical* payment information. For the following reasons, Defendants' Motion to Dismiss [10] is denied.

I.     Background

Fleming alleges that her credit report reflected monthly payments of $25 each to Ginny's and Midnight Velvet. Compl. [1] ¶ 7. This information was inaccurate, Fleming says, because the accounts with both Defendants "were closed and have a zero balance," and therefore she "no longer has an obligation to make monthly payments." *Id.* Accordingly, Fleming asserts that these accounts should show a monthly payment of $0. *Id.* ¶ 8.

Fleming discovered this alleged inaccuracy in her Equifax credit report on April 6, 2019, and reported the dispute to Equifax approximately three weeks later. *Id.* ¶¶ 9–10. Defendants received notice of the dispute but "failed or refused to report the monthly payment amount as $0.00" on Fleming's subsequent Equifax report. *Id.* ¶ 13. As a result, Fleming brought this

action, alleging that Defendants Ginny's and Midnight Velvet violated the FCRA by failing to conduct a proper investigation as required by statute.[1]  *Id.* ¶¶ 17–18, 25–26, 31–32, 39–40.

Defendants now move to dismiss the Complaint, contending that they reported accurate historical information.  Defs.' Mem. [11] at 6.  Specifically, they say that they accurately reported the amount Fleming owed monthly while the accounts were open.  *Id.*  The parties have fully briefed the issues, and the Court is prepared to rule.

II.     Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556)).  When considering a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.  *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016).  In a Rule 12(b)(6) analysis, courts may rely on the complaint, its proper attachments, "'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  *Dorsey v. Portfolio Equities, Inc.*, 540

---

[1] Equifax was initially named as a Defendant, but Fleming voluntarily dismissed her claims against the credit-reporting agency shortly after filing this action.  Notice of Voluntary Dismissal [4].

F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

III.   Analysis

Defendants' motion ultimately comes down to the specifics of Fleming's credit report. They say it is "undisputed that the relevant accounts were being reported as 'closed' but with a monthly payment amount greater than $0." Defs.' Reply [18] at 3–4.  Fleming, on the other hand, asserts that her report showed "scheduled monthly payment obligations [that she] **currently** owed[.]" Pl.'s Resp. [15] at 4 (emphasis in original).  Because her current monthly payments are $0, she argues, the reported $25 current payment obligation is inaccurate.  *Id.* at 5–6.

"The FCRA imposes a duty on 'furnishers of information,' . . . to provide accurate information to the credit reporting agencies (CRAs)." *Hall v. LVNV Funding, L.L.C.*, 738 F. App'x 335, 335 (5th Cir. 2018) (quoting 15 U.S.C. § 1681s-2(a)).  When a consumer disputes an item on his or her credit report, the furnisher of the information "must 'conduct an investigation with respect to the disputed information,' 'review all relevant information provided by the [CRA],' 'report the results of the investigation to the [CRA],' and 'modify[,] . . . delete[,] . . . or . . . permanently block the reporting'" of the disputed information if the information turns out to be inaccurate.  *Id.* at 335–36 (quoting 15 U.S.C. § 1681s-2(b)(1)(A)–(E)).

"But before a plaintiff can recover on a claim that a creditor violated these requirements, [s]he 'must demonstrate that there was an inaccuracy in [her] credit report.'" *Magee v. Ford Motor Credit Co., LLC*, No. 2:18-CV-148-KS-MTP, 2019 WL 7593371, at *2 (S.D. Miss. Nov. 15, 2019) (quoting *Seay v. Trans Union, LLC*, No. 7:18-CV-204-HL, 2019 WL 4773827, *2 (M.D. Ga. Sept. 30, 2019)) (citing *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37 (1st Cir.

3

2010)); *Hall v. LVNV Funding, LLC*, No. 6:16-CV-36, 2017 WL 6403049, at *3 (E.D. Tex. Aug. 11, 2017).

"A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citing *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986)). "'[I]nformation that is open to interpretation that is directly contradictory to the true information is sufficiently misleading to qualify as inaccurate.'" *Magee*, 2019 WL 7593371, at *2 (quoting *Toliver v. Experian Info. Servs., Inc.*, 973 F. Supp. 2d 707, 715 (S.D. Tex. 2013)).

The parties offer differing descriptions of the disputed credit report in their memoranda, yet the credit report itself is not in the record. The Court must therefore decide the issue based on the way Plaintiff described the credit report in her Complaint, viewing the well-pleaded facts in the light most favorable to her.[2]

Fleming alleges that "Ginny[']s is reporting a monthly payment of $25.00 and Midnight [Velvet] is reporting a monthly payment of $25.00." Compl. [1] ¶ 7. That allegation creates a plausible inference that Defendants are reporting that Fleming's current payment obligation is $25 per month to each furnisher. That would be inaccurate if it is true that the accounts "were closed and have a zero balance." *Id.* Absent the actual report, the Court cannot say whether the

---

[2] In her response, Fleming appears to suggest that her credit report indicated that the accounts were closed. *See* Pl.'s Resp. [15] at 6 ("[E]ach Defendant had been reporting its account as paid and closed. . . . Therefore, . . . each Defendant merely needed to . . . correct its reporting of the scheduled monthly payment amount to $0."). But elsewhere she says Defendants "are reporting *current* scheduled monthly payment obligations[.]" *Id.* at 7 (emphasis added); *see also id.* at 1 (asserting that Defendants reported that debts were "still owed"). So even considering Plaintiff's legal memorandum, the issue remains unclear. Regardless, the Court's review under Rule 12(b)(6) is limited to the pleadings and documents referenced in them that are part of the record.

report accurately listed the accounts as closed or otherwise indicated that the information was historical.  *See Lovelace v. Equifax Info. Servs. LLC*, No. CV-18-04080-PHX-DWL, 2019 WL 2410800, at *4 (D. Ariz. June 7, 2019) (denying motion to dismiss and noting that without the credit report it was not clear from complaint whether report reflected historical information).

Defendants may ultimately have a strong argument at the summary-judgment stage.  *See Magee*, 2019 WL 7593371, at *3 (discussing historical reporting).  But at this point, the Court will not pre-judge that potential issue and finds under Rule 12(b)(6) that Fleming has minimally pleaded "enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."  *In re S. Scrap Material Co., LLC*, 541 F.3d at 587 (citation omitted).  Fleming has stated a plausible claim; the Motion to Dismiss is denied.

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not change the outcome.  For the reasons stated, Defendants' Motion to Dismiss [10] is denied.[3]

**SO ORDERED AND ADJUDGED** this the 20th day of November, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The parties no doubt know what the credit report said.  They should therefore consider an early summary-judgment motion before incurring additional time and expense.  While the Court has not prejudged the issues, it seems that a healthy body of law exists that would be easier to apply with the benefit of the actual document.