UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FOMEKA FLEMING                                                                                           PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:20-CV-284-DPJ-FKB

GINNY'S, INC. and MIDNIGHT                                                                            DEFENDANTS
VELVET, INC.

ORDER

Plaintiff Fomeka Fleming says Defendants Ginny's, Inc., and Midnight Velvet, Inc., violated the Fair Credit Reporting Act (FCRA) by reporting inaccurate monthly payment information to a credit agency. Defendants filed a properly supported summary-judgment motion, and Fleming offered no response. As discussed below, Defendants' motion [32] is granted.

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting C*elotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If he fails to do so, then the rule "mandates the entry of summary judgment." *Celotex Corp.*, 477 U.S. at 322.

Here, Fleming filed no response to Defendants' motion and made no request for additional time before the deadline expired. *See* L.U. Civ. R. 7(b)(4). Despite that deficiency, the Court may not grant Defendants' motion unless they have established a basis for dismissal under Rule 56. *See id.* 7(b)(3)(E) (explaining that only non-dispositive motions may be granted as unopposed). Thus, if Defendants' summary-judgment evidence fails to show they are entitled to judgment as a matter of law, summary judgment must be denied even if Fleming failed to respond.

Conversely, where the movant's summary-judgment evidence does establish its right to judgment as a matter of law, the district court may grant summary judgment, absent unusual circumstances. *McDaniel v. Sw. Bell Tel.*, No. 92-2433, 1992 WL 352617, at *1 (5th Cir. Nov. 19, 1992) (per curiam) (citations omitted) (affirming summary judgment where plaintiff failed to file timely response); *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond).

Here, the Court has considered Defendants' legal arguments and their unrebutted summary-judgment evidence. Absent countervailing evidence and argument from Fleming, the Court finds that Defendants are entitled to summary judgment for the reasons they articulated. Accordingly, their motion is granted, and this case is dismissed. A separate judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2021.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE